**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

ROBIN FRAZEY, )
)
Plaintiff, )
)
vs. ) No.:
)
LIFE CARE CENTERS OF AMERICA, )
INC., )
)
Defendant. )

## **COMPLAINT**

Pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), Plaintiff files this lawsuit against Defendant and alleges the following.

1. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. Section 1331.

2. Defendant is a Tennessee corporation with its principal office in Cleveland, Tennessee. Defendant's registered agent for service of process is Forrest L Preston, 3570 Keith Street NW, Cleveland, Tennessee, 37312.

3. Defendant operates rehabilitation and nursing care facilities in Tennessee, including a facility called "Life Care Center of Red Bank" that is located at 1020 Runyan Drive, Chattanooga, Tennessee, 37405.

4. Plaintiff was employed by Defendant as a Licensed Practical Nurse (LPN) at its Red Bank facility from approximately November of 2000 until January 23, 2026. Defendant paid Plaintiff an hourly rate of pay for her work.

5. While she was employed by Defendant, Plaintiff worked overtime hours of more

than 40 per workweek for which she was not paid overtime wages of one and one-half times her regular rate of pay.

6. More specifically, although Defendant deducted lunch breaks from Plaintiff's compensated work time each day, Plaintiff rarely took a lunch break due to the demands of the job, and routinely worked "off the clock" during her lunch breaks. Defendant failed to compensate Plaintiff at all for these overtime hours.

7. In addition, Plaintiff routinely performed work after clocking out at the end of her shift. Defendant failed to compensate Plaintiff at all for these overtime hours.

8. Plaintiff repeatedly complained to Defendant's management personnel that she was not being paid for all overtime hours worked. In fact, other hourly employees also complained to Defendant's management personnel that they were not being paid for all overtime hours worked. Despite these complaints, the practice continued.

9. Defendant was an "employer" of Plaintiff as defined by Section 203(d) of the FLSA.

10. Plaintiff was an "employee" of Defendant as defined by Section 203(e)(1) of the FLSA.

11. While she was employed by Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as defined by Sections 207(a)(1) and 203(b)of the FLSA.

12. Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA. Defendant has annual gross volume of sales which exceed $500,000.00.

13. The minimum wage and overtime provisions of the FLSA set forth in Sections 206 and 207, respectively, apply to Defendant.

14. Pursuant to Section 207(a)(1) of the FLSA, Defendant was required to pay

Plaintiff overtime pay at a rate of one and one-half times her regular rate of pay for all hours worked over 40 during a workweek.

15. Defendant's failure to pay Plaintiff overtime wages of one and one-half times her regular rate of pay for all overtime hours worked is a violation of Section 207(a)(1) of the FLSA.

16. As a result of Defendant's violations of Section 207 of the FLSA, Defendant is liable to Plaintiff for overtime back pay.

17. In addition to the amount of unpaid overtime wages owing to Plaintiff, Plaintiff is also entitled to recover an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

18. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

19. Defendant's violations of Section 207 of the FLSA were willful. More specifically, Defendant was well aware of its obligation to pay Plaintiff overtime wages pursuant to the FLSA's requirements, or recklessly disregarded its legal obligation.

## **Prayer for Relief**

WHEREFORE, Plaintiff prays for a judgment for damages against Defendant that include the following:

(a) overtime back pay;

(b) liquidated damages in an amount equal to her overtime back pay;

(c) reasonable attorney's fees;

(d) the costs of this action; and

(e) all further general legal and equitable relief to which she may be entitled.

Respectfully submitted,

/s/ R. Scott Jackson, Jr.
R. Scott Jackson, Jr. (TN 13839)
4525 Harding Pike, Suite 200
Nashville, TN 37205
(615) 313-8188
(615) 313-8702 (facsimile)
rsjackson@rsjacksonlaw.com

/s/ John McCown
John McCown (GA 486002)
Warren & Griffin, P.C.
300 West Emery Street, Suite 108
Dalton, GA 30720
(706) 529-4878
(706) 529-3890 (facsimile)
john.mccown@warrenandgriffin.com

Attorneys for Plaintiff